**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>**Plaintiff,**<br><br>v.<br><br>Central Billing LLC d/b/a Pacific Collection Group, Readers Subscription Service, John/Jane Does 1-5,<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§ Civil Action No. 4:19-cv-707<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. The Plaintiff hereby files this lawsuit against Central Billing LLC d/b/a Pacific Collection Group, Reader Subscription Service, and John/Jane Does 1-5.

2. The Plaintiff is Craig Cunningham, a natural person who can be served at 3000 Custer Road, Ste 270-206, Plano, Texas 75075.

3. Central Billing LLC d/b/a Pacific Collection Group (hereinafter "Pacific") is a California limited liability company who can be served via registered agent Incorp

      Services, Inc. % Steven Pickett 5716 Corsa Suite 110, Westlake Village, California 91362.

4. Readers Subscription Service, address unknown, organizational status unknown.

5. John/Jane Does 1-4 are other liable parties currently unknown to the Plaintiff.

## Jurisdiction and Venue

6. Jurisdiction of this court arises as the acts happened and the Plaintiff lives and works in this District. *Tex. Civ. Prac. & Rem. Code § 17.042; see also 47 USC 227(b).*

7. Venue in this District is proper in that the Defendants transact business here and the acts and transactions occurred here.  *47 USC 227(b).*

## FACTUAL ALLEGATIONS

8. Plaintiff received a missed call from Defendant Pacific on September 13, 2019.

9. Curious as to who was contacting him, Plaintiff made a return phone call to Defendant Pacific on September 16, 2019.

10. Upon Defendant Pacific answering the call, Plaintiff soon realized the September 13, 2019 missed call was seeking to collect an alleged debt owed to Defendant Readers Subscription Service in the amount of $1,034.49 (one thousand thirty four dollars and forty nine cents).

11.     Defendant, using all of his resources and best efforts, tried, with no success, to locate any company by the name of "Readers Subscription Service".

12.     Plaintiff does not recall every doing business with an entity by that name and became concerned about the possible implications of this phony debt on his credit rating.

13.     During the above mentioned September 16, 2019 call back between Plaintiff and Defendant Pacific several false and misleading statements were made concerning the debt Plaintiff allegedly owed.

14.     Defendant Pacific's false and misleading statements related to the amount of debt owed, the duty of Plaintiff to provide a signed letter stating his reason(s) for disputing the debt, and that federal law required Defendants to report the debt to credit bureaus after providing proof the debt was valid.

15.     Defendant Pacific also refused to provide any contact information regarding Defendant Readers Subscription Service to Plaintiff.

16.     On September 17, 2019 Defendant Pacific, being fully aware of Plaintiff's identity and contact information, called Plaintiff once more regarding the alleged debt to Defendant Reader Subscription Services.

17.     During the September 17, 2019 call Plaintiff is informed he was being contacted concerning the collection of a debt and the call would be recorded, and Defendant Pacific again refused to provide any information regarding the debt owed, unless Plaintiff made such a request in writing.

18.     On September 17, 2019, Defendant Pacific did not retract previous threats to Plaintiff that federal law allowed them to report him to credit reporting bureaus upon

validation of the debt or the false representation that Plaintiff must submit a signed letter disputing his debt in order to formally challenge it.

19. Fearful of having his credit score negatively impacted and/or being the victim of unfair fraudulent debt collection practices, Plaintiff again calls Defendant Pacific on September 18, 2019 to receive clarity as to the debt owed and to whom it was owed to.

20. During the September 18, 2019 call Defendant Pacific denied calling Plaintiff just the day before and refused to engage Plaintiff in any meaningful way regarding the debt he is accused of owing.

21. At no point in time during any of these calls does Defendant Pacific retract previous threats and/or misrepresentations made regarding the collection of this alleged debt owed by Plaintiff; thereby leaving Plaintiff without the information needed to adequately address the issue and in fear of his good credit being smeared.

22. The calls to Plaintiff on September 17, 2019 and September 18, 2019 appear to have been initiated using an automated telephone dialing system evidenced by Defendant Pacific not knowing whom they had randomly dialed, and admissions by Defendant Pacific that Plaintiff's cell phone number was caller ID captured and Plaintiff's cell phone number and personal information were stored in a database.

23. Defendant Reader Subscription Service is vicariously liable for the calls made by Defendant Pacific on its behalf to Plaintiff.

## CAUSES OF ACTION

## COUNT I

**Violations of the Telephone Consumer Protection Act (hereinafter "TCPA")**

24. Plaintiff Craig Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by initiating calls using an automated telephone dialing system for a non-emergency purpose. These actions violate *47 USC 227(b)* and entitle Plaintiff to $1,500.00 (fifteen hundred dollars) per call in damages as these were willful actions.

## COUNT II

**Violations of the Fair Debt Collection Practices Act (hereafter "FDCPA") 15 USC 1681 et.**

26. Plaintiff Craig Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

27. The forgoing actions by the Defendants constitute multiple breaches of the FDCPA by placing unsolicited and unwelcome telephone call(s) to the Plaintiff's cell

phone and by making false or misleading representations and threats of legal action that cannot be taken.

## COUNT III

### Violations of the Texas Finance Code 392

28. Plaintiff Craig Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. The foregoing actions by the Defendants constitute multiple breaches of the Texas Finance Code 392 by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone and by making false, misleading, and threatening representations likely to deceive a consumer.

## COUNT IV

### Violations of the Texas Business and Commerce Code 305.053

30. Plaintiff Craig Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31.     The foregoing actions by the Defendants constitute multiple breaches of the *Texas Business and Commerce Code 305.053* by violating the TCPA *47 USC 227*.

## PRAYER FOR DAMAGES AND RELIEFS

**WHEREFORE,** Plaintiff Craig Cunningham, respectfully prays and requests that judgement be entered against each and every Defendant for the following:

1. Statutory damages of $3,000.00 (three thousand dollars) for each phone call in violation of the TCPA.

2. Statutory damages in the amount of $1,500.00 (fifteen hundred dollars) for violations of the Texas Business and Commercial Code.

3. Damages of $5,000.00 (five thousand dollars) per violation of the Texas Finance Code 392.

4. Punitive Damages of $25,000.00 (twenty five thousand dollars) for violations of the Texas Finance Code and FDCPA.

5. Actual damages as determined by a judge/jury.

6. Pre-judgment interest from the date of the phone calls at issue.

                Respectfully submitted:

                /s/ Leland McRae

                _____
                **Leland Garrett McRae**
                **SBN 24086374**
                **1150 N. Loop 1604 W, Ste 108-461**
                **San Antonio, TX  78248**
                **Phone: 210-569-0434**
                **FAX: 210-493-6080**
                **EMAIL: leland@lelandmcrae.com**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Plaintiff's Original Complaint was served on all named Defendant(s), to include Central Billing LLC d/b/a Pacific Collection Group via registered agent Incorp Services, Inc. ℅ Steven Pickett 5716 Corsa Suite 110, Westlake Village, California 91362.

/s/ Leland McRae
_____

 Leland McRae
Attorney for Plaintiff